■ SONS OF ISRAEL OF THE BRONX et al., Appellants, v CITY OF NEW YORK et al., Respondents. [739 NYS2d 54] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 3, 2001, which, in an action to vacate an in rem foreclosure deed, granted defendants' motion for summary judgment dismissing the complaint as time-barred, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

The action is subject to a two-year limitations period measured from the recording of the foreclosure deed (Administrative Code of City of NY § 11-412 [c]; § 11-424 [a]), after which no action may be commenced to set aside a tax deed (*see, Matter of ISCA Enters. v City of New York*, 77 NY2d 688, 696, *cert denied* 503 US 906), unless the former property owner did not receive actual notice of the foreclosure within such two-year period in time to bring a timely action, in which event the foreclosure can be challenged on the ground that the notice given was unconstitutional (*see, id.* at 698). The motion court correctly held that the individual plaintiff's statement that "[t]here is no evidence in this case that Plaintiffs had actual notice in time to bring their action" is too equivocal to raise a genuine issue of fact as to notice. In any event, as the motion court also held, assuming plaintiffs did not receive actual notice of the foreclosure until shortly before they commenced the action, 20 years after title passed to the City, the fact that the statutorily required notice was mailed to an address that was not the actual address of the property does not avail plaintiff where it appears that the incorrect address was the address for the property listed in the latest record of annual assessments (*see, id.* at 701). Furthermore, plaintiffs had failed to file either a registration owner's or in rem card (Administrative Code § 11-406 [c]), which would have assured delivery of notice to the correct address. We note that the property was not eligible for tax exempt status, plaintiffs having stated that they did not intend to use it for religious purposes after the destruction of their synagogue by fire in 1974 and the demolition of the ruins that same year. Had notice been sent to the actual address of the property (777 East 178th Street instead of 771 East 178th Street), delivery would have been to a vacant lot. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.