■ TECHNOLOGY OUTSOURCE SOLUTIONS, LLC, Appellant-Respondent, v ENI TECHNOLOGY, INC., Respondent-Appellant. [801 NYS2d 173]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered January 27, 2004. The order and judgment,

insofar as appealed from, denied in part plaintiff's motion for partial summary judgment and denied that part of defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in its entirety and dismissing the complaint and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for breach of contract with respect to a contract between nonparty Automatic Systems Developers, Inc. (ASD) and defendant. According to plaintiff, ASD filed for bankruptcy, and in the course of those proceedings plaintiff purchased the assets of ASD, including its accounts receivable. Plaintiff's corporate structure included the same officers and directors as ASD, and the type of business conducted by plaintiff is the same as that previously conducted by ASD. We conclude that Supreme Court properly denied those parts of plaintiff's motion for partial summary judgment seeking dismissal of defendant's counterclaim and the 1st through 11th and 13th affirmative defenses. The counterclaim alleged breach of contract and breach of the implied warranties of merchantability and fitness for a particular purpose, and those affirmative defenses alleged, inter alia, failure to state a claim upon which relief may be granted, laches, unclean hands and lack of standing to sue. In support of its motion, plaintiff asserted that the order of Bankruptcy Court approving the sale of the assets of ASD to plaintiff "specifically provides that the assets were transferred free and clear of all claims of any kind or nature" and that defendant should have asserted any claims or defenses it might have had with respect to those assets in Bankruptcy Court. ASD's schedule of assets did not, with sufficient specificity, list the receivables allegedly owed by defendant (*see* 11 USC § 521 [1]), however, and plaintiff therefore failed to meet its burden of establishing that ASD disclosed its claim for receivables in the bankruptcy proceeding and thus that the receivables were dealt with therein (*see Kunica v St. Jean Fin., Inc.*, 233 BR 46, 52-53 [1999], *mod on other grounds* 63 F Supp 2d 342 [1999]; *see also Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 195-196 [1987]).

We further conclude that plaintiff lacked capacity to sue inasmuch as plaintiff did not own the receivables, and thus the court erred in denying that part of defendant's cross motion for summary judgment dismissing the complaint. Defendant established that plaintiff's action is predicated upon facts known

to the debtor before it filed its bankruptcy petition, and plaintiff failed to raise a triable issue of fact with respect thereto (see generally Santori v Met Life, 11 AD3d 597, 599 [2004]). "[I]t is well settled that a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (George Strokes Elec. & Plumbing v Dye, 240 AD2d 919, 920 [1997]; see also Kunica, 233 BR at 53). Here, because of the nondisclosure of the claim, i.e., the receivables, and the consequent failure to deal with the claim in the bankruptcy proceeding, the claim was not transferred to plaintiff, and plaintiff is likewise precluded from pursuing the claim against defendant. We therefore modify the order and judgment accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.