■ TONASIA MAXWELL et al., Respondents, v CITY OF NEW YORK et al., Appellants. [815 NYS2d 133]—

In an action to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 21, 2004, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that the plaintiffs failed to serve a timely notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to dismiss the complaint for failure to serve a timely notice of claim is granted, and the complaint is dismissed.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the defendants herein (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; McKinney's Uncons Laws of NY § 7401 [2]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 609-610 [2005]; *Perry v City of New York*, 238 AD2d 326 [1997]; *see also Small v New York City Tr. Auth.*, 14 AD3d 690 [2005]). The plaintiffs failed to serve their notice of claim within the statutory period, and their late service without leave of court was a nullity (*see Santiago v City of New York*, 294 AD2d 483 [2002]; *Henry v Aguilar*, 282 AD2d 711 [2001]; *Kokkinos v Dormitory Auth. of State of N.Y.*, 238 AD2d 550, 551 [1997]).

The plaintiffs were required to move within one year and 90 days of the accrual date of the claim for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) (*see Small v New York City Tr. Auth., supra; Santiago v City of New York, supra*). Since the plaintiffs failed to make a timely application for such relief, the defendants were entitled to dismissal of the complaint (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Herrera v Duncan*, 13 AD3d 485 [2004]).

The plaintiffs' argument that the defendants should be estopped from asserting as a defense their failure to serve a timely notice of claim is without merit. The defendants were under no obligation to plead, as an affirmative defense, the plaintiffs' failure to comply with the statutory requirement (*see Lynch v New York City Tr. Auth.*, 12 AD3d 644, 646 [2004]; *Ames v City of New York*, 280 AD2d 625, 626 [2001]; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492, 493 [1990]), and the defendants did not engage in any conduct that would give rise to an estoppel (*see Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691, 692 [1992]; *Nicholas v City of New York*, 130 AD2d 470 [1987]).

In light of this determination, we need not address the defendants' remaining contentions. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.