■ A & C CONSTRUCTION, INC. OF NEW YORK, Appellant, and THE MOUNTBATTEN SURETY COMPANY, INC., Intervenor-Plaintiff, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [820 NYS2d 802]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered August 31, 2005, which, in an action for breach of a construction contract, insofar as appealed from, denied plaintiff contractor's motion "for an Order pursuant to CPLR 3018 precluding [defendant Housing Authority] from asserting any affirmative defenses in this action, including the defense of lack of notice of claim," unanimously affirmed, without costs.

The relief, while denominated as preclusion, is actually for a

default judgment, which relief is unavailable to plaintiff since it was not sought within one year after the alleged failure to serve an answer or amended answer (CPLR 3215 [c]). In any event, assuming preclusion is available, and assuming further that failure to serve a notice of claim is an affirmative defense that defendant was obligated to plead (*but see Maxwell v City of New York*, 29 AD3d 540, 541 [2006]), the motion was properly denied on the ground that no issues of fact are raised as to defendant's service of answers to both the original and amended complaints. In response to defendant's evidence of such service, which included its attorney's affirmation in opposition unequivocally attesting to service and attaching corroborating copies of the same attorney's contemporaneous affirmations of service and verifications of the answer and amended answer, plaintiff submitted the affirmation of its former attorney that "to the best of [his] knowledge and recollection and review of the file, [appellant] did not serve . . . an answer to the complaints." Such claim of nonreceipt is too equivocal to warrant a hearing (*see Sons of Israel of Bronx v City of New York*, 292 AD2d 222 [2002]). Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.