■ CLIVE LAROC et al., Respondents, v CITY OF NEW YORK et al., Appellants. [847 NYS2d 677]—

In an action, inter alia, to recover damages for medical malpractice and negligence, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 30, 2006, as denied that branch of the motion of the defendants City of New York, New York City Police Department, and New York City Department of Corrections which was to dismiss the complaint insofar as asserted against those defendants for failure to serve a notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the appeal by the defendants New York City Health and Hospitals Corporation, Kings County Hospital Center, Thomas Chi, Ivan Rubel, Matthew Goldman, and Moshe Wilker is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants City of New York, New York City Police Department, and New York City Department of Corrections, on the law, and that branch of the motion of the defendants City of New York, New York City Police Department, and New York City Department of Corrections which was to dismiss the complaint insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants City of New York, New York City Police Department, and New York City Department of Corrections.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the defendants City of New York, New York City Police Department, and New York City Department of Corrections (hereinafter the defendants) (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Maxwell v City of New York*, 29

AD3d 540, 541 [2006]). Although the law permits late service of a notice of claim by leave of court under some circumstances, the plaintiffs were required to move for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) within one year and 90 days of the date that the claims accrued (*see Small v New York City Tr. Auth.*, 14 AD3d 690 [2005]; *Santiago v City of New York*, 294 AD2d 483 [2002]). The claims asserted by the adult plaintiff against the defendants, which were based on allegations that they withheld medical treatment from her son, the infant plaintiff, between October 19, 2003 and October 20, 2003, accrued on October 20, 2003, when the infant plaintiff was released from confinement (*see Charnis v Shohet*, 2 AD3d 663 [2003]; *Roche v Village of Tarrytown*, 309 AD2d 842 [2003]). The adult plaintiff failed to serve her notice of claim within 90 days after October 20, 2003, and her late service of a notice of claim without leave of court was a nullity (*see Matter of White v New York City Hous. Auth.*, 38 AD3d 675 [2007]; *Maxwell v City of New York*, 29 AD3d at 541; *Santiago v City of New York*, 294 AD2d 483 [2002]).

While the infant plaintiff's claims were tolled by the period of his infancy, which expired on December 25, 2003 (*see* CPLR 208; *Henry v City of New York*, 94 NY2d 275, 278 [1999]), he did not timely serve a notice of claim within 90 days of December 25, 2003, and neither he nor his mother made a timely application for leave to serve a late notice of claim. Thus, the defendants were entitled to dismissal of the complaint insofar as asserted against them (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Maxwell v City of New York*, 29 AD3d at 541; *Herrera v Duncan*, 13 AD3d 485 [2004]).

Contrary to the plaintiffs' contention, the defendants were under no obligation to plead, as an affirmative defense, the plaintiffs' failure to comply with the statutory notice of claim requirement (*see Maxwell v City of New York*, 29 AD3d at 541; *Lynch v New York City Tr. Auth.*, 12 AD3d 644, 646 [2004]; *Ames v City of New York*, 280 AD2d 625, 626 [2001]). The defendants' participation in pretrial discovery did not preclude them from raising the untimeliness of the notice of claim (*see Hall v City of New York*, 1 AD3d 254, 256 [2003]; *Lavalliere v Department of Correction of City of N.Y.*, 304 AD2d 370, 371 [2003]), nor did the defendants engage in any conduct that would give rise to an estoppel (*see Camarella v East Irondequoit Cent. School Bd.*, 34 NY2d 139 [1974]; *Maxwell v City of New York*, 29 AD3d at 541; *Walter H. Poppe Gen. Contr. v Town of Ramapo*, 280 AD2d 667, 668 [2001]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.