Abdus Shahid et al., Appellants, v City of New York, Respondent. [855 NYS2d 612]—

In an action, inter alia, to recover damages for racially-motivated harassment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated May 1, 2006, which granted the defendant's motion for summary judgment dismissing the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

"Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the defendant[ ] City of New York" (*Laroc v City of New York,* 46 AD3d 760, 760 [2007]; *see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]). "Although the law permits late service of a notice of claim by leave of court under some circumstances, the plaintiffs were required to move for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) within one year and 90 days of the date that the claims accrued" (*id.* at 761; *see Small v New York City Tr. Auth.,* 14 AD3d 690, 691 [2005]; *Santiago v City of New York,* 294 AD2d 483 [2002]; *see also Friedman v City of New York,* 19 AD3d 542, 543 [2005]). Here, the language of the notice of claim failed to set forth, among other things, the time when the alleged claim arose. Although exhibits appended to the notice of claim provided several dates on which actions were allegedly taken by the defendant or its agent, the plaintiffs failed to serve their notice of claim within 90 days of the most recent among these dates, October 5, 2001. Their late service of a notice of claim without leave of court was a nullity (*see Laroc v City of New York,* 46 AD3d 760 [2007]; *Matter of White v New York City Hous. Auth.,* 38 AD3d 675 [2007]; *Maxwell v City of New York,* 29 AD3d 540, 541 [2006]; *Santiago v City of New York,* 294 AD2d at 483), and the plaintiffs did not submit a timely motion for leave to serve a late notice of claim. Thus, the defendant's motion for summary judgment dismissing the complaint was properly granted (*see Laroc v City of New York,* 46 AD3d 760 [2007]; *Maxwell v City of New York,* 29 AD3d at 541; *Santiago v City of New York,* 294 AD2d at 483). Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.