[896 NYS2d 798]

NELLY HURTADO et al., Respondents, v GIOVANNI CASTELLI, Appellant.

Supreme Court, Appellate Term, Second Department, January 12, 2010

## APPEARANCES OF COUNSEL

*Cheven, Keeley & Hatzis*, New York City (*William B. Stock* of counsel), for appellant. *Mitchell Dranow*, Mineola and *Harmon, Linder & Rogowsky*, New York City, for respondents.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order, insofar as appealed from, is reversed without costs, and, upon the granting of leave to reargue, defendant's motion for leave to amend the answer to interpose the defense of lack of capacity and, upon such amendment, for summary judgment dismissing the complaint insofar as asserted by Wilfredo Diaz, is granted.

Nelly Hurtado and Wilfredo Diaz commenced this action in June 2006 to recover damages for, among other things, injuries sustained in an accident that occurred on December 18, 2003. After answering, defendant moved for leave to amend the answer to assert the affirmative defense of lack of capacity to sue and, upon such amendment, for summary judgment dismissing the complaint insofar as asserted by Diaz. The motion was denied by the Civil Court. Thereafter, defendant moved for leave to reargue the prior motion. In support of the second motion, defendant argued that Diaz had failed to schedule the instant claim in a petition in bankruptcy which he had filed on July 21, 2005, and that, as a result of his failure to do so, Diaz lacked capacity to sue upon the instant claim. In opposition to the motion, Diaz argued that he had the right to sue defendant since, after he had obtained a discharge, he had attempted to reopen the bankruptcy proceeding to list the claim as an asset, but the trustee had refused to grant said application. The Civil Court granted leave to reargue and, upon reargument, adhered to its prior determination denying defendant's motion for summary judgment dismissing the complaint insofar as asserted by Diaz.

Property of the estate in a bankruptcy proceeding includes causes of action that existed at the time of the commencement of the bankruptcy proceeding (*see* 11 USC § 541 [a] [1]). The debtor in bankruptcy is required to schedule such causes of ac-

tion in the petition in order for the trustee to determine whether they should be abandoned or administered in the proceeding (*see Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 195-196 [1987]). If a cause of action is not listed in the schedule of assets and not abandoned by the trustee (*see* 11 USC § 554), the cause of action remains the property of the estate (*see* 11 USC § 554 [d]), and the debtor will lack the legal capacity to sue on such an undisclosed claim which accrued prior to the close of the bankruptcy proceeding (*Dynamics Corp. of Am.*, 69 NY2d at 195-196; *see Whelan v Longo*, 7 NY3d 821, 822 [2006]; *Santori v Met Life*, 11 AD3d 597, 599 [2004]).

In the instant case, it is undisputed that the cause of action sued upon herein was not listed in the schedule of assets in the bankruptcy proceeding and was not abandoned pursuant to 11 USC § 554. Consequently, we find that the Civil Court improperly determined that a "de facto abandonment" occurred when the trustee declined to reopen the bankruptcy proceeding. As a result, Diaz lost all rights to sue upon the cause of action in his own name. Moreover, contrary to Diaz's contention, Debtor and Creditor Law § 282 (3) (iii) only allows a debtor to exempt the right to receive a "payment" not exceeding $7,500 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, and does not allow a debtor to exempt a cause of action for such a claim. Accordingly, the order is reversed insofar as appealed from and defendant's motion, insofar as it sought leave to amend the answer to interpose the defense of lack of capacity and, upon such amendment, for summary judgment dismissing the complaint insofar as asserted by Wilfredo Diaz, is granted.

GOLIA, J.P., PESCE and WESTON, JJ., concur.