■ In the Matter of JEFFREY GHIAZZA, Doing Business as KATCO LANDSCAPING AND EXCAVATION, Respondent, v PUTNAM COUNTY DEPARTMENT OF CONSUMER AFFAIRS et al., Appellants. [906 NYS2d 72]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Putnam County Home Improvement Board, one dated January 14, 2009, which, after a hearing, found that the petitioner violated Code of Putnam County § 135-4 (A) and § 135-8 (G) and directed that he pay restitution in the sum of $11,000, and the other dated April 16, 2009, which, upon the petitioner's failure to pay restitution, suspended his home improvement contractor's license, the appeal is from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated July 16, 2009, which denied the motion of the Putnam County Department of Consumer Affairs, Putnam County Home Improvement Board, Joseph LaBarbera, Edward Hintze, Susan

Backus, Carolyn Harting, Matthew Mastrantone, John Goudey, Dale Phillips, and Paul Harnish, denominated as one for leave to reargue, but which was, in effect, to vacate an order of the same court dated June 15, 2009, granting the petition upon their failure to answer, annulling the determinations, and reinstating the petitioner's home improvement contractor's license.

Ordered that on the Court's own motion, the notice of appeal from the order dated June 15, 2009, is deemed a premature application for leave to appeal from the order dated July 16, 2009, and leave to appeal is granted (see CPLR 5520 [c]; 5701); and it is further,

Ordered that the order dated July 16, 2009, is reversed, on the law, on the facts, and in the exercise of discretion, the appellants' motion is granted, the order dated June 15, 2009, is vacated, the time for the appellants to serve and file an answer to the petition is extended until no later than 20 days following service upon them of a copy of this decision and order, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The petitioner brought this CPLR article 78 proceeding challenging two determinations of the Putnam County Home Improvement Board (hereinafter the Board), one which found that he violated Code of Putnam County § 135-4 (A) and § 135-8 (G) and directed that he pay restitution in the sum of $11,000, and the other which, upon the petitioner's failure to make restitution, suspended his home improvement contractor's license. The petition alleged that the petitioner was deprived of due process by the Board's failure to notify him of the violation hearing via certified mail and to grant a second adjournment. The proceeding was commenced, in lieu of a notice of petition, by order to show cause on June 4, 2009, in which the petitioner set a return date of June 12, 2009. In an order dated June 15, 2009, upon the appellants' failure to answer the petition by the return date, the Supreme Court granted the petition, annulled the determinations, and reinstated the petitioner's home improvement contractor's license. On June 22, 2009, the appellants made a motion, denominated as one for leave to reargue, but which was, in effect, to vacate the order dated June 15, 2009. The Supreme Court denied that motion.

Under the circumstances here, the appellants provided a reasonable excuse for failing to answer the petition (see Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761 [2006]; Sholom & Zuckerbrot Realty, LLC v Sharif Designs, Ltd., 22 AD3d 558

[2005]; *Gironda v Katzen*, 19 AD3d 644 [2005]). Additionally, the appellants demonstrated a potentially meritorious defense to the petition (*see Hageman v Home Depot U.S.A., Inc.*, 25 AD3d at 761). Rather than granting the petition upon default, the Supreme Court should have directed the appellants to submit an answer (*see* CPLR 7804 [e]; *Matter of Powers v De Groodt*, 43 AD3d 509, 511 [2007]; *Matter of Castell v City of Saratoga Springs*, 3 AD3d 774, 776 [2004]). Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.