OPINION OF THE COURT
Donald A. Miles, J.
Defendant Banco, Inc.’s motion to dismiss is denied, and its request to limit plaintiff’s damages is also denied. Defendant *954 New York City Housing Authority’s motion to dismiss[1] is granted and plaintiffs complaint against it dismissed.
Plaintiff commenced an action to recover for property damage sustained in a fire, allegedly as a result of negligence by defendants, which occurred at her home on August 29, 2001, while renovations were being conducted in her apartment by defendant Banco, Inc. (hereinafter Banco), a contractor of defendant New York City Housing Authority (hereinafter Housing Authority), the owner of plaintiffs apartment. Plaintiff subsequently filed for bankruptcy in 2005, a trustee (hereinafter Trustee) was appointed therein, and plaintiff (hereinafter plaintiff/ debtor) received her discharge of debt through bankruptcy in 2007.
Banco moves to dismiss on the ground that plaintiff/debtor lacks standing to pursue this action because it is a cause of action that existed prior to plaintiff s/debtor’s petition for bankruptcy and, in her bankruptcy filing, plaintiff/debtor failed to list this case in her schedule of assets, rendering this case a retained part of the bankruptcy estate, and stripping plaintiff/ debtor of standing to pursue it on her own behalf. Conversely, plaintiff/debtor contends that she does have standing because the bankruptcy action has been discharged, and further, that the listing of this case in her bankruptcy petition’s schedule of assets was proper because she merely misidentified the type of action that it is, such that there was no intent to deceive anyone with respect to the assets listed by plaintiff/debtor, and so the mislabeling is therefore irrelevant as to whether plaintiff/debtor now has standing to pursue the present action. Banco also petitions the court to limit the damages plaintiff/debtor may recover at trial to $7,500, the claimed value of the cause of action listed in plaintiff s/debtor’s bankruptcy filing.
*955 Next, Housing Authority moves to dismiss on the ground that plaintiff/debtor did not timely file a notice of claim as required by General Municipal Law § 50-e, and did not request leave to file a late notice of claim within the applicable statute of limitations to commence this action under Public Housing Law § 157, and therefore failed to comply with a statutory condition precedent to commencing an action against it. Housing Authority also moves for summary judgment on the ground that plaintiff/ debtor failed to commence the action within the statute of limitations, and is therefore time-barred from proceeding. Finally, Housing Authority moves to dismiss on the same lack-of-standing ground that Danco makes its motion. In opposition, plaintiff/debtor contends that the court should give nunc pro tunc effect to her untimely-filed notice of claim because Housing Authority had actual notice of the essential facts constituting the claim against it and undertook an investigation within the statutory period for filing a notice of claim, thus satisfying the purpose of the notice of claim requirement. Plaintiff/debtor also disputes the contention that the action was tardily commenced, arguing that she did properly commence the instant action within the statute of limitations.
Housing Authority also makes a cross motion against Danco for indemnification based on their contract, and further requests that the court limit plaintiff’s/debtor ’ s recovery at trial to $3,344.71, the amount specified in plaintiff s/debtor’s notice of claim. In opposition, Danco contends that the indemnification clause in its contract with Housing Authority is overly broad and void under General Obligations Law § 5-322.1, as it purports to indemnify Housing Authority from Housing Authority’s own negligence as it relates to the case at bar.
I. Plaintiffs Standing to Pursue this Cause of Action
Both defendants maintain that dismissal is warranted because plaintiff/debtor lacks standing to pursue this cause of action. This court disagrees.
It is well-settled that a debtor’s failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf. (Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 196-198 [1987]; Technology Outsource Solutions, LLC v ENI Tech., Inc., 21 AD3d 1280, 1282 [4th Dept 2005]; George Strokes Elec. & Plumbing v Dye, 240 AD2d 919, 920 [3d Dept 1997].) A debtor may not conceal assets and then, upon termina *956 tion of the bankruptcy case, utilize the assets for his or her own benefit. (Kunica v St. Jean Fin., Inc., 233 BR 46, 53 [SD NY 1999].)
“[I]t cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee has never taken any action in respect to it.” (Id., quoting First Nat. Bank of Jacksboro v Lasater, 196 US 115, 119 [1905].)
Courts have consistently held that only the trustee, and not a debtor, has standing to pursue causes of action that belong to the bankruptcy estate. (In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 375 BR 719, 725 [SD NY 2007]; In re Hopkins, 346 BR 294, 304 [Bankr ED NY 2006].) Causes of action that belong to the bankruptcy estate include causes of action belonging to the debtor at the commencement of the bankruptcy case. (Id.) Once an asset, such as a plaintiffs cause of action, is transferred to the bankruptcy estate, all rights held by a debtor in the property are extinguished unless, inter alia, the property is abandoned back to the debtor under 11 USC § 554 (c). (In re Merrill Lynch, 375 BR at 725; In re Adomah, 340 BR 453, 456 [Bankr SD NY 2006].) Abandonment occurs by operation of law when any scheduled property is not administered at the time a bankruptcy case is closed. (11 USC § 554 [c].) By contrast, all property of the estate that is not abandoned remains the property of the estate. (11 USC § 554 [d].) For a scheduled asset to be abandoned under section 554 (c), however, it is required to have been properly scheduled. (Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen, 207 AD2d 280, 282 [1st Dept 1994]; see also Hutchins v Internal Revenue Serv., 67 F3d 40, 43 [3d Cir 1995]; Vreugdenhill v Navistar Intl. Transp. Corp., 950 F2d 524, 526 [8th Cir 1991]; In re Suplinskas, 252 BR 293, 295 [Bankr D Conn 2000].) “Thus, if property was not properly scheduled by the debtor, it is not automatically abandoned at the end of the case.” (3 Alan N. Resnick and Henry J. Sommer, Collier Bankruptcy Manual 1i 554.03 [Matthew Bender 3d ed rev]; see Technology Outsource Solutions, 21 AD3d at 1282; George Strokes Elec. & Plumbing, 240 AD2d at 920.)
Plaintiff/debtor commenced this cause of action before filing for bankruptcy, then scheduled this case in her bankruptcy petition incorrectly, listing it in the schedule of assets as a “personal *957 injury” instead of a “property damage” action, and listed the value at $7,500 when the summons and complaint declared property damage “in excess of $17,000.” Significantly, all parties to this action were correctly listed. The bankruptcy case has since been closed without this action having ever been administered (i.e., pursued by Trustee to its conclusion). Whether plaintiff/debtor presently has standing to pursue this case, therefore, turns on whether the incorrect labeling of the type of case scheduled was a sufficient misidentification of the property as to render it “unscheduled” and, consequently, deprive plaintiff/debtor of standing to pursue it.
A chapter 7 debtor, such as plaintiff/debtor, must file a list of creditors as required by 11 USC § 521 (a) (1). Because the discharge available under section 727 of the Bankruptcy Code (11 USC) does not extend to unscheduled debts, a debtor must exercise great care in compiling his or her lists of assets and creditors. (In re Weintraub, 171 BR 506, 508 [Bankr SD NY 1994].) A central purpose for the requirement that a debtor disclose actual or potential causes of action is to allow the trustee an opportunity to make an informed decision about whether to pursue the action for the benefit of the bankruptcy estate, or to intentionally abandon it if the trustee determines it to not be worth pursuing. (See In re Schmid, 54 BR 78, 80 [Bankr D Or 1985]; Dynamics Corp., 69 NY2d at 195-196; Hurtado v Castelli, 26 Misc 3d 92, 93-94 [App Term, 2d Dept 2010].) A trustee, in turn, can only make such an informed decision if the debtor accurately discloses so much of the case as is necessary to enable the trustee to do so. (See In re Schmid, 54 BR at 79 [finding debtor’s ambiguous description in the schedule of assets led to inadvertent closing of case and incomplete administration of estate]; Donaldson, 207 AD2d at 282 [cause of action listed in bankruptcy petition deemed too vague to satisfy proper scheduling where listed simply as a “claim” with an “unknown” value, trustee never pursued action, and debtor subsequently filed $6 million claim].)
While it is certainly true that actual knowledge of a claim by a trustee is no substitute for proper scheduling (Donaldson, 207 AD2d at 282), and an omission of a cause of action from the schedule of assets can only be corrected, so as to confer standing on a debtor, where the debtor’s failure to list it was neither reckless nor intentional (In re Weintraub, 171 BR at 508), there is a substantial difference between failing to list a cause of action altogether and informing the trustee of its existence, on *958 the one hand, and mislabeling the cause of action in the schedule of assets and further informing the trustee of the case, on the other. In the former instance, at the time the bankruptcy case is to close, interested parties do not have the requisite knowledge to oppose the closing on the grounds of insufficient administration of the estate, and the cause of action remains part of the bankruptcy estate. (See Fed Rules Bankr Pro rule 5009 [a]; Vreugdenhill, 950 F2d at 526.) In the latter instance, parties in interest have the wherewithal to protect themselves by filing an objection to the closing of the bankruptcy case without the trustee having pursued the lawsuit as an asset of value to the estate, and the cause of action is abandoned back to the debtor after the bankruptcy case is closed. (See Fed Rules Bankr Pro rules 5009 [a]; 6007 [a]; see also Morlan v Universal Guar. Life Ins. Co., 298 F3d 609, 618 [7th Cir 2002] [discussing centrality of protecting creditors in scheduling assets and requiring notice before abandonment]; cf. In re Yunis Ali, 58 BR 439, 440 [Bankr ED Pa 1986] [finding listing of creditor in schedules not prejudicial to creditor because it could file objection to discharge].) The case at bar falls into the latter category, with one seemingly important but, in this case, ultimately irrelevant, distinction.
The distinction is that, in this case, there appears to be reason to believe that plaintiff/debtor intentionally mislabeled the type of action and its value for the purpose of deceiving Trustee into believing the case to be worthless to the estate and forgo pursuing it. Under New York’s Debtor and Creditor Law § 282 (3) (iii) there is an exemption for a debtor to receive up to $7,500 for “personal injury” damages; and so if the trustee believed the case to be worth $7,500, as plaintiff/debtor documented in her bankruptcy petition, it would be logical for the trustee to conclude that, after the exemption, the case would be of no value to the estate and hence a waste of time and money to pursue it, and the case would then re-vest in plaintiff/debtor after it was abandoned under 11 USC § 554 (c) when the case closed. It could be argued, therefore, that plaintiff/debtor tried to circumvent the disclosure requirement by improperly disclosing the cause of action in such a way that the improper disclosure would lead to an identical result as having not disclosed it at all, and the cause of action was therefore never abandoned under section 554 (c) because Trustee never made an adequately informed decision regarding its administration or abandonment. (See In re Schmid, 54 BR at 80; Dynamics Corp., 69 NY2d at 196.)
*959 Trustee in plaintiff s/debtor’s bankruptcy case, however, was in fact aware of the nature of this case as a property damage action, which does not carry with it a monetary exemption in bankruptcy of any amount; and so any argument regarding plaintiff s/debtor’s intentions is merely academic because, as it pertained to the bankruptcy estate, plaintiff s/debtor’s incorrect labeling of the type of action and its value had no effect on Trustee’s handling of it. In fact, Trustee at one point informed plaintiff s/debtor’s counsel of its intention to retain his firm “to continue the prosecution of the Debtor’s personal property action.”[2] (Trustee correspondence to plaintiff s/debtor’s attorney, Apr. 5, 2006 [emphasis added].) Accordingly, this court believes that, for whatever reason Trustee chose not to pursue this action on behalf of the estate within a reasonable time of the closing of the bankruptcy case, it was an informed decision. Therefore, in accordance with Federal Rules of Bankruptcy Procedure rule 5009, this court presumes that the estate has been fully administered, and in conjunction with section 554 (c), the case at bar was abandoned back to plaintiff/debtor, and with it, standing to pursue it on her own behalf. (See Fed Rules Bankr Pro rule 5009; 11 USC § 554 [c]; In re Ginsberg, 164 BR 870, 873 [Bankr SD NY 1994].)
II. Notice of Claim Requirements and Statute of Limitations
Housing Authority also argues that dismissal is appropriate because plaintiff s/debtor’s action is time-barred by her failure to meet notice of claim and statute of limitations requirements. This court agrees with Housing Authority’s notice of claim argument.
As a condition precedent to commencing a lawsuit against the Housing Authority, a plaintiff must serve a notice of claim within 90 days of the accrual of the cause of action. (General Municipal Law § 50-e [1] [a].) If a plaintiff fails to do so, as did plaintiff/debtor in this case, it must seek leave of the court to file a late notice of claim, but a court may not extend the time to serve such notice beyond the time limit for the commencement of the action. (General Municipal Law § 50-e [5].) In this case, plaintiff/debtor failed to file a notice of claim with the *960 Housing Authority within 90 days after the claim arose, and at no point applied for leave to serve a late notice on Housing Authority.
The statute of limitations in this case is one year and 90 days after the accrual of the cause of action (Public Housing Law § 157 [2]), after which time the court has no power to grant an application to file a late notice of claim because “[t]o permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e which expressly prohibits the court from doing so.” (Pierson v City of New York, 56 NY2d 950, 955 [1982]; see Singleton v City of New York, 55 AD3d 447 [1st Dept 2008]; Maxwell v City of New York, 29 AD3d 540, 541 [2d Dept 2006].) Therefore, because plaintiff s/debtor’s service of a late notice of claim without leave of court was a nullity, and because she failed to move within one year and 90 days for such leave, Housing Authority is entitled to dismissal of the complaint against it. (See Singleton, 55 AD3d at 447; Maxwell, 29 AD3d at 541.)
Plaintiff s/debtor’s argument that she was not required to request leave of court to file a late notice of claim, and the late notice she did serve should be deemed nunc pro tunc as of the commencement date because the purpose of the notice requirement was satisfied by way of actual notice to Housing Authority and the investigation Housing Authority undertook within 90 days of the fire, is misguided. Firstly, in cases that have given legal effect to late notices of claim where the defendant had actual notice, courts have done so only upon application by the plaintiff within the applicable statute of limitations. (See e.g. Matter of Shannon v Westchester County Health Care Corp., 76 AD3d 680, 681 [2d Dept 2010]; Catterson v Suffolk County Dept. of Health Servs., 49 AD3d 792, 793 [2d Dept 2008].) As stated above, no application to give effect to a late notice can be made, and none is made here in any event, after the statute of limitations has expired.
More importantly, though, since a late notice of claim without leave of court is no notice at all (see Wollins v New York City Bd. of Educ., 8 AD3d 30, 31 [1st Dept 2004]), a plaintiff must not be allowed to circumvent statutory requirements by claiming an exception to the law based on satisfaction of purpose. Section 50-e of the General Municipal Law allows late notices of claim, but only upon application to the court, and explicitly *961 limits the court’s discretion to allow late notices to within the applicable statute of limitations. (General Municipal Law § 50-e [5].) The Appellate Division, First Department, in a decision affirmed without comment by the Court of Appeals, has said that, notwithstanding actual notice to the defendant, “[i]f any complaint served after the expiration of 90 days but within the statutory period for the commencement of an action could be deemed to be a notice of claim, the entire statutory scheme requiring the filing of notices of claim would be obviated.” (Tarquinio v City of New York, 84 AD2d 265, 268 [1st Dept 1982], affd sub norm. Pierson v City of New York, 56 NY2d at 956.) Such is the case here. Plaintiff/debtor never served a valid notice of claim, so while the summons and complaint were timely served and this action timely commenced,[3] “the statute clearly contemplates a notice of claim distinct from the complaint.” (Tarquinio, 84 AD2d at 268; see General Municipal Law § 50-e [1] [a].) Plaintiff s/debtor’s complaint against Housing Authority is therefore dismissed.
It is not necessary to address Housing Authority’s request to limit plaintiff s/debtor’s damages or its indemnification cross claims against Danco because they are moot due to the dismissal of the complaint against Housing Authority.
III. Limitation of Damages
Danco’s alternative request to limit the amount plaintiff/ debtor can recover to $7,500, the value she placed on this action in her bankruptcy petition, is also denied. Such a request is more appropriately made to the trial court, by a motion in limine at the earliest.
Danco proffers no legal theory, and cites no legal authority, supporting the limitation of plaintiff s/debtor’s damages to *962 the value she listed this action as being worth in the schedule of assets of her bankruptcy petition. A prior restriction on plaintiff s/debtor’s recovery would not be equitable because it is usually impossible to know what the exact value of the lawsuit will eventually be to the estate once it is resolved, and a bankruptcy petitioner may be estimating its value, or the amount claimed in the lawsuit’s summons and complaint may be approximate or possibly aspirational. So if a plaintiff could prove damages, or a jury might award a plaintiff damages, in excess of what is anticipated at the time of the bankruptcy filing, the interests of justice would be undermined to restrict the plaintiffs recovery prior to the resolution of the case, either on its merits or through settlement. This is true even if plaintiff/ debtor had listed the value of this case on her schedule of assets exactly as the sum demanded in her summons and complaint. Any rule to the contrary could have the perverse effect of encouraging debtors to overestimate the value of their causes of action to avoid being limited to a reasonable estimate of what they believe is a likely outcome, which would, in turn, mislead creditors, and ultimately disrupt the bankruptcy process. Furthermore, Danco was not an interested party with regard to plaintiff s/debtor’s bankruptcy case, and cannot now claim that somehow plaintiff s/debtor’s representations of the value of this lawsuit to the Bankruptcy Court should control its potential value in Civil Court, especially when Trustee was aware of the lawsuit and its potential value to the estate. (See Morlan, 298 F3d at 621 [stating defendants in separate action by debtor cannot use debtor plaintiffs conduct in bankruptcy case against him, because the provisions of the Bankruptcy Code “are intended for the benefit of creditors . . . [not for] alleged violators of the debtor’s legal rights”]; cf In re Pegasus Mgt. & Inv., Inc., 2006 Bankr LEXIS 2541, *4 [Bankr D SC 2006] [finding no merit to objection by purported creditor opposed to final report because not an interested party due to lack of valid claim on estate].) Beyond this, any questions regarding damages are appropriately left for the trial court.
Accordingly, it is hereby ordered, that defendant Danco, Inc.’s motion to dismiss is denied; and it is further ordered, that defendant New York City Housing Authority’s motion to dismiss is granted.

. Housing Authority’s moving papers recite that it moves for summary judgment under CPLR 3212. However, all of the arguments made indicate a CPLR 3211 motion to dismiss (see Security Pac. Natl. Bank v Evans, 31 AD3d 278, 280-281 [1st Dept 2006] [lack of standing]; Pahlad v Brustman, 33 AD3d 518, 519 [1st Dept 2006] [statute of limitations]; Bovich v East Meadow Pub. Lib., 16 AD3d 11, 13 [2d Dept 2005] [untimely notice of claim]). If Housing Authority had recited the correct section, it would not have changed any of the substance in the moving or opposition papers, and has therefore caused no prejudice to any party, since all parties treated it as a motion to dismiss. This court will therefore exercise its discretion to convert the motion and treat it as a motion to dismiss. (Cf. Maybrown v Malverne Distribs., 57 AD2d 548, 549 [2d Dept 1977] [finding no reason not to treat motion to dismiss as summary judgment motion where all parties did same].)

. Housing Authority’s argument that plaintiff s/debtor’s counsel could not ethically represent the bankruptcy trustee in this case, on conflict-of-interest grounds, is not one that needs to be addressed here because it would only have been a ripe question had plaintiff s/debtor’s counsel proceeded in this action representing the trustee, which never occurred, but is now irrelevant because this case has revested in plaintiff/debtor, who is pursuing it on her own behalf.

. Housing Authority’s contention that the action was not timely commenced, and thus time-barred by the statute of limitations, because plaintiff/ debtor served but did not file the summons and complaint with the court within one year and 90 days of when the cause of action accrued, is incorrect in this case. While it is true that the method of commencing a civil action was changed by the Legislature from a commencement-by-service to a commencement-by-filing system in 1992 for lawsuits brought in Supreme and County Courts, the same change was not enacted for lawsuits brought in New York City Civil Courts until 2005, and only applied to actions commenced on or after the effective date of the change. (NY City Civ Ct Act § 400 [1], as amended by L 2005, ch 452, § 1.) Since this action was commenced in Bronx County Civil Court in 2002, this action was timely commenced by service of the summons and complaint prior to the expiration of the statute of limitations, even though the summons and complaint were not filed with the court until after the deadline to commence the action.