■ CHARLENE FELICIANO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [999 NYS2d 456]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated November 8, 2013, as denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to serve a timely notice of claim, and granted that branch of the plaintiff's cross motion which was to deem the complaint to be a late notice of claim and to deem it to have been timely served nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to serve a timely notice of claim is granted, and that branch of the plaintiff's cross motion which was to deem the complaint to be a late notice of claim and to deem it to have been timely served nunc pro tunc is denied.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she fell on stairs located in a building owned by the defendant New York City Housing Authority (hereinafter the Housing Authority). The Housing Authority moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to timely serve a notice of claim upon it. The plaintiff opposed the motion, arguing that the Housing Authority should be estopped from moving for summary judgment on this ground as it had intentionally waited to make the motion until after the statute of limitations had passed. The plaintiff also cross-moved, inter alia, to deem the complaint to be a late notice of claim and to

deem it to have been timely served nunc pro tunc. The Supreme Court denied the Housing Authority's motion for summary judgment and granted that branch of the plaintiff's cross motion which was to deem the complaint to be a late notice of claim and to deem it to have been timely served nunc pro tunc.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the Housing Authority (*see* General Municipal Law §§ 50-e [5]; 50-i [1]; *Matter of Alvarez v New York City Hous. Auth.*, 97 AD3d 668, 668 [2012]). Furthermore, a petition for leave to serve a late notice of claim, or to deem a late notice of claim timely served nunc pro tunc, "may not be made more than one year and 90 days after the happening of the event upon which the claim is based, unless the statute has been tolled" (*Matter of Alvarez v New York City Hous. Auth.*, 97 AD3d at 668; *see Pierson v City of New York*, 56 NY2d 950, 954-955 [1982]).

Here, that branch of the plaintiff's cross motion which was to deem the complaint to be a late notice of claim and to deem it to have been timely served nunc pro tunc should have been denied as a matter of law. The Supreme Court had no authority to deem the complaint to be a late notice of claim (*see Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61 [1984]; *see also Vitale v Hagan*, 71 NY2d 955 [1988]). Even if the plaintiff had attempted the proper procedure and sought leave to serve a late notice of claim, the Supreme Court would have had no authority to grant leave to serve a late notice of claim as the application would have been made after the expiration of the statute of limitations (*see Young Soo Chi v Castelli*, 112 AD3d 816, 816-817 [2013]; *Matter of O'Neal v New York City Hous. Auth.*, 6 AD3d 445, 445 [2004]).

The Supreme Court also erred in denying the Housing Authority's motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to serve a timely notice of claim. " 'The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances' " (*Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492, 493 [1990], quoting *Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793, 794 [1986]; *see Khela v City of New York*, 91 AD3d 912, 914 [2012]). "[W]here a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his [or her] position to his [or her] detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668

[1976]). "The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act" (*id.*).

Here, as the Housing Authority correctly contends, it was "under no obligation to plead, as an affirmative defense, the plaintiff's failure to comply with the statutory notice of claim requirement" (*Barnaman v New York City Health & Hosps. Corp.*, 90 AD3d 588, 589 [2011]; *see Laroc v City of New York*, 46 AD3d 760, 761 [2007]). "Furthermore . . . participation in pretrial discovery did not preclude [it] from raising the untimeliness of the notice of claim" (*Barnaman v New York City Health & Hosps. Corp.*, 90 AD3d at 589-590; *see Laroc v City of New York*, 46 AD3d at 761). In short, there is no evidence in the record demonstrating that the Housing Authority engaged in any misleading conduct which would support a finding of equitable estoppel (*see Khela v City of New York*, 91 AD3d at 914; *Laroc v City of New York*, 46 AD3d at 761; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677, 677 [2005]). Furthermore, there is no indication in the record that the plaintiff relied upon any alleged act or omission of the Housing Authority or that such reliance caused the plaintiff to change her position to her detriment or prejudice (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d at 668). Accordingly, the Supreme Court should have granted the Housing Authority's motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to serve a timely notice of claim, and denied that branch of the plaintiff's cross motion which was to deem the complaint to be a late notice of claim and to deem it to have been timely served nunc pro tunc. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.