Davis v New York City Hous. Auth. (2019 NY Slip Op 03567)





Davis v New York City Hous. Auth.


2019 NY Slip Op 03567


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-00186
 (Index No. 504414/15)

[*1]Mark Davis, appellant, 
v
New York City Housing Authority, respondent.


Belushin Law Firm, Brooklyn, NY (Vel Belushin of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 18, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to timely serve the defendant with a notice of claim pursuant to General Municipal Law § 50-e, and denied the plaintiff's cross motion to deem a notice of claim to have been timely served.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries when he tripped and fell while descending interior stairs at premises owned and controlled by the defendant, New York City Housing Authority (hereinafter NYCHA). The plaintiff directed notices of claim to both NYCHA and to the Comptroller of the City of New York, and subsequently commenced this action against NYCHA. NYCHA moved for summary judgment dismissing the complaint on the ground that the plaintiff failed to timely serve it with a notice of claim pursuant to General Municipal Law § 50-e. The plaintiff opposed the motion and cross-moved to deem a notice of claim sent to NYCHA outside of the statutory time period to have been timely served. The Supreme Court granted NYCHA's motion, and denied the plaintiff's cross motion. The plaintiff appeals.
A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against NYCHA (see General Municipal Law § 50-e[1][a]; Feliciano v New York City Hous. Auth., 123 AD3d 876, 877; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 668; see also Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052). "The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882; see Avery v New York City Tr. Auth., 138 AD3d 770, 771).
Here, the plaintiff claims to have timely served a notice of claim upon NYCHA by certified mail, which NYCHA has no record of ever having received. However, the Comptroller of the City of New York timely received a copy of the notice of claim, bearing the same certified mail number ascribed by the plaintiff to the mailing of the notice of claim sent to NYCHA.
Service of a notice of claim by certified mail is complete "upon deposit of the notice [*2]of claim, enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state" (General Municipal Law § 50-e[3][b]). The record contains no affidavit of service with respect to service of the notice of claim on NYCHA. Moreover, although a paralegal for the plaintiff's counsel submitted an affidavit attesting that she mailed the notice of claim to NYCHA, she does not aver that she sent it by registered or certified mail. Under these circumstances, the plaintiff's submissions were insufficient to give rise to a presumption that the plaintiff served NYCHA by registered or certified mail, or to raise a presumption that NYCHA received the notice of claim (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 548). The plaintiff's argument that service was timely made pursuant to the saving provision of the statute, General Municipal Law § 50-e(3)(c), is raised for the first time in the plaintiff's reply brief on appeal. The defendant has had no opportunity to respond to this argument and, therefore, the argument is not properly before this Court (see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, Lozano v New York City Hous. Auth., 153 AD3d 1173, 1174; U.S. Bank N.A. v Dellarmo, 128 AD3d 680; Bank of Am., N.A. v Valentino, 127 AD3d 904). Moreover, contrary to the plaintiff's contentions, there is no evidence in the record demonstrating that the defendant waived its right to move for summary judgment on the basis of lack of timely service of the notice of claim, or engaged in any misleading conduct which would estop it from moving for summary judgment on this ground (see Feliciano v New York City Hous. Auth., 123 AD3d at 876-878; Dier v Suffolk County Water Auth., 84 AD3d 861, 862; Polsky v Metropolitant Transp. Auth., 37 AD3d 243).
Accordingly, we agree with the Supreme Court's determination granting NYCHA's motion and denying the plaintiff's cross motion.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court