Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection (2019 NY Slip Op 08670)





Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection


2019 NY Slip Op 08670


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-02345
 (Index No. 1228/18)

[*1]In the Matter of Exxon Mobil Corporation, respondent, 
v
New York City Department of Environmental Protection, et al., appellants.


James E. Johnson, Corporation Counsel, New York, NY (Kathy Chang Park and John Moore of counsel), for appellants.
McDermott Will & Emery LLP, New York, NY (James A. Pardo, Lisa A. Gerson, and Omer Gamlieli of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain material pursuant to the Freedom of Information Law (Public Officers Law art 6), the New York City Department of Environmental Protection and Vincent Sapienza appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 31, 2019. The order denied their motion (1) to vacate a judgment of the same court entered November 21, 2018, upon an order of the same court entered May 2, 2018, granting the petition upon their failure to appear or answer the petition, which directed them to produce all materials responsive to the petitioner's Freedom of Information Law request, and (2) to dismiss the petition.
ORDERED that the order entered January 31, 2019, is reversed, on the law and in the exercise of discretion, with costs, the appellants' motion is granted, the judgment entered November 21, 2018, and the order entered May 2, 2018, are vacated, and the petition is dismissed.
The petitioner submitted a request to the New York City Department of Environmental Protection (hereinafter the DEP) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), seeking certain records pertaining to the planned rehabilitation and development of certain water treatment facilities in Queens. In response, the DEP granted part of the request by providing certain records and documents and denied part of the request on the ground that the remaining requested material was exempt from disclosure. After the petitioner's administrative appeal was rejected, the petitioner commenced this proceeding pursuant to CPLR article 78 against the DEP and Vincent Sapienza, in his official capacity as Commissioner of the DEP (hereinafter the Commissioner) (hereinafter together the appellants), inter alia, to compel the production of the requested material that was not disclosed. In an order entered May 2, 2018, the Supreme Court granted the petition upon the appellants' default in appearing or answering. The court entered a judgment on November 21, 2018, directing the appellants to produce all material responsive to the petitioner's FOIL request.
By order to show cause dated January 3, 2019, the appellants moved, in effect, pursuant to CPLR 5015(a)(1) and (4), to vacate the judgment and the May 2, 2018, order, and to dismiss the petition, or, in the alternative, for leave to file and serve a late answer. The appellants argued that the Supreme Court lacked jurisdiction over the DEP because it was not served with the notice of petition and petition in compliance with the relevant statutes, and that the petition should [*2]be dismissed as to the Commissioner pursuant to CPLR 3211(a)(7) because the petition failed to state a cause of action against the Commissioner. The appellants additionally argued that their respective defaults should be vacated because they each had a reasonable excuse for the default and a meritorious defense to the petition.
The petitioner opposed the motion, arguing, among other things, that service of process was properly made on the DEP and the Commissioner, and the appellants had failed to demonstrate a reasonable excuse for their defaults or a meritorious defense to the petition. As relevant to the issue of service on the DEP, the petitioner submitted its process server's affidavit of service upon the DEP, which stated that a copy of the notice of petition and petition were personally delivered to the DEP's office in Flushing and left with a named individual who informed the process server that she was an attorney "authorized by appointment to receive service at that address." The petitioner also submitted a separate affidavit from the process server explaining in more detail that he or she had delivered a copy of the notice and petition to the identified individual at the Flushing office of the DEP. In an order entered January 31, 2019, the Supreme Court denied the appellants' motion, finding that service on the DEP was proper, and that neither appellant demonstrated a reasonable excuse for defaulting on the petition.
The failure to serve process leaves the court without personal jurisdiction over the defendant and all subsequent proceedings are thereby rendered null and void as to that defendant (see Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889; McMullen v Arnone, 79 AD2d 496, 499). "A notice of petition shall be served in the same manner as a summons in an action" (CPLR 403[c]). In the City of New York, "the corporation counsel shall be attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies and in which the city is interested" (New York City Charter § 394[a]). Personal service upon the City of New York shall be made by delivering the summons, or notice of petition, to the corporation counsel "or to any person designated to receive process in a writing filed in the office of the clerk of New York county" (CPLR 311[a][2]).
Here, the petitioner failed to establish that jurisdiction over the DEP was obtained by proper service of process. It is undisputed that the petitioner's process server did not deliver the notice of petition and petition to the Corporation Counsel, or any other "person designated to receive process in a writing filed in the office of the clerk of New York county" (CPLR 311[a][2]). Because the petitioner did not effectuate service in strict compliance with CPLR 311(a)(2), it is irrelevant that the petitioner's process server allegedly relied upon the representations of an attorney employed by the DEP (see Calco v State of New York, 165 AD2d 117, 119; Matter of Franz v Board of Educ. of Elwood Union Free School Dist., 112 AD2d 934, 935; Matter of Sannella v Regan, 111 AD2d 964; see also Matter of Professional Fire Fighters Assn., Local 274 [BridghamCity of White Plains], 187 AD2d 433; Matter of Eso v County of Westchester, 141 AD2d 542, 543).
Contrary to the petitioner's contention, the DEP should not be equitably estopped from asserting the petitioner's failure to properly serve the DEP with the notice of petition. The doctrine of equitable estoppel should be invoked against governmental entities sparingly and only under exceptional circumstances (see Konner v New York City Tr. Auth., 143 AD3d 774, 776; Feliciano v New York City Hous. Auth., 123 AD3d 876, 877; Khela v City of New York, 91 AD3d 912, 914). Estoppel against a governmental entity will lie when the governmental entity acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes its position to its detriment or prejudice (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668; Feliciano v New York City Hous. Auth., 123 AD3d at 877). The fact that the DEP's attorney may have identified herself as an agent who was "authorized by appointment to receive service at that address" is far removed from any clear expression of her status as a person designated to receive process on behalf of the City in a writing filed in the New York County Clerk's office (see Calco v State of New York, 165 AD2d at 119). There is no evidence in the record demonstrating that the petitioner justifiably relied on any misleading conduct by the DEP which would support a finding of equitable estoppel (see Feliciano v New York City Hous. Auth., 123 AD3d at 877; Khela v City of New York, 91 AD3d at 914; Wade v New York City Health & Hosps. Corp., 16 AD3d 677). Accordingly, we disagree with the Supreme Court's finding that the petitioner established proper service upon the DEP, and the court should have granted the appellants' motion to vacate the default and dismiss the petition as to the DEP.
Turning to the Commissioner, the petitioner sued him in his official capacity, which " generally represent[s] only another way of pleading an action against an entity of which an officer is an agent'" (Kentucky v Graham, 473 US 159, 165, quoting Monell v New York City Dept. of Social Servs., 436 US 658, 690 n 55; see Hafer v Melo, 502 US 21, 25). The petition contains no allegations specific to the Commissioner. Although the Commissioner does not dispute that he was personally served with the petition, under the circumstances, where there is no evidence that the failure to answer was intentional or that the DEP did not intend to defend against the petition, the Supreme Court should have granted the appellants' motion as to the Commissioner as well (see CPLR 7804[e]; Matter of Ghiazza v Putnam County Dept. of Consumer Affairs, 75 AD3d 641, 643; Matter of Jacobson v Ward, 159 AD2d 505, 506; Matter of Abrams v Kern, 35 AD2d 971, 972).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court