■ MONTEREY SPORTSWEAR CORP., Respondent, v. CHARMA MILLS, INC., et al., Appellants, and BRANCH MOTOR EXPRESS COMPANY, Defendant.— Order, Supreme Court, New York County, entered April 26, 1973, striking affirmative defenses unanimously modified, on the law, to deny the motion as regards the second defense of the corporate defendant and the defense of the individual defendant and otherwise affirmed without costs and without disbursements. Plaintiff purchased certain goods from defendant. Plaintiff refused delivery on the ground that it was late. The agreement of sale contained an arbitration clause. Pursuant to it the parties proceeded to arbitration, which resulted in an award to defendant of $10,206.12, plus the costs of arbitration, and directed defendant to deliver the goods. Plaintiff made the required payment. However, the delivery was not the full amount of the order. It is alleged that the value of the goods not delivered is $2,235.10. The first cause of action alleges that the award was obtained by perjury and fraud and seeks return of the award paid. The second cause of action is ambiguously pleaded. Its object is recovery of the value of the goods claimed not to have been delivered. This is not sought, however, on the basis of a failure to deliver in accordance with the award but on the ground of fraud, the fraud being the perjury which engendered the award. The third cause of action asks for punitive damages. The corporate defendant asserts two affirmative defenses. The first is that the claim is subject to arbitration. The second is that the causes of action constitute a collateral attack on the arbitration award. The individual defendant pleads that he was acting as a corporate officer and is not personally liable. While the defenses are not artfully drawn, they do set out defendants' contentions sufficiently to inform plaintiff that these issues are being raised. The sole difficulty presented on this appeal is that if the complaint is valid the defenses are not; and, vice versa, if the complaint is faulty the defenses are good. It is obvious that the first cause of action is impermissible. It is a clear collateral attack on the arbitration award and cannot be entertained (*Raven Elec. Co.* v. *Linzer,* 302 N. Y. 188). While the second cause of action might be valid if considered as a claim for damages for nondelivery, this is clearly not plaintiff's purpose. It appears that defendant has made an assignment for the benefit of creditors and plaintiff's hopes for recoupment as distinct from getting a verdict are founded on a recovery from the individual defendant. Hence it is difficult to treat the pleading other than as an action in fraud. And the only fraud alleged is again a collateral attack on the award. If, however, the cause of action is merely for

breach of a duty imposed by the award, the defense of the individual defendant is meritorious. It follows that the corporation's second defense and the individual defendant's defense should not have been dismissed. As to the first defense, while the court will ordinarily not consider whether a defense to a demurrable complaint is good or bad, here the second cause of action might be amended to allege a proper cause of action: If so, the cause of action would be on the award and the arbitration clause in the original contract would be unavailable. In the interest of clarity this cause of action should be dismissed. Concur — McGivern, J. P., Nunez, Murphy, Steuer and Tilzer, JJ.