■ Doris E. Johnson, Respondent, v Town of Hempstead, Defendant. County of Nassau, Nonparty Appellant. [794 NYS2d 924]—

In an action to recover damages for personal injuries, the County of Nassau appeals from an order of the Supreme Court, Nassau County (Joseph, J.), entered October 13, 2004, which granted the plaintiff's motion for leave to serve a late notice of claim upon it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to serve a late notice of claim upon the County of Nassau. As it is undisputed that the plaintiff did not make her application within one year and 90 days of the accrual of the cause of action, the court had no authority to grant the motion (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950 [1982]; *Matter of Schmidt v Board of Coop. Educ. Servs. of Nassau County,* 253 AD2d 433 [1998]).

Contrary to the plaintiff's contention and the conclusion of the Supreme Court, there was no evidence that the appellant engaged in any misleading conduct which would support an equitable estoppel (*see Matter of Quintero v Town of Babylon Indus. Dev. Agency,* 172 AD2d 527 [1991]; *Ceely v New York City Health & Hosps. Corp.,* 162 AD2d 492, 493 [1990]). Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.