■ Rhoda Friedman, Appellant, v City of New York, Respondent. [796 NYS2d 529]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), entered March 17, 2004, which denied her motion, inter alia, for leave to serve a late notice of claim nunc pro tunc pursuant to General Municipal Law § 50-e (5), and which granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Service of a notice of claim within 90 days after accrual of the claim was a condition precedent for commencing an action against the defendant, City of New York (see General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Perry v City of New York,* 238 AD2d 326 [1997]; *see also Small v New York City Tr. Auth.,* 14 AD3d 690 [2005]). The plaintiff failed to serve her notice of claim within the statutory period and her late service without leave of court was a nullity (see *Santiago v City of New York,* 294 AD2d 483 [2002]). The plaintiff was required to move within one year and 90 days of the accrual date of the claim for leave to serve a late notice of claim (see *Small v New York City Tr. Auth., supra; Santiago v City of New York, supra*). However, since the plaintiff did not move for such relief until well after this period of time had passed, the court was without authority to grant the plaintiff's motion (see *Pierson v City of New York,* 56 NY2d 950 [1982]; *Santiago v City of New York, supra*).

Accordingly, the court properly granted the City's cross motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.