■ WILLIAM ALSTON, Appellant, v PATRICK L. AVERSANO et al., Respondents, et al., Defendants. [805 NYS2d 117]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated November 22, 2004, which denied his motion, inter alia, to dismiss the third affirmative defense of the defendants Patrick L. Aversano and Metropolitan Transit Authority, also known as New York City Transit Authority, and granted the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Service of a notice of claim within 90 days after accrual of the claim was a condition precedent to commencing an action against the defendants Patrick L. Aversano and Metropolitan

Transit Authority, also known as New York City Transit Authority (hereinafter the NYCTA) (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Friedman v City of New York*, 19 AD3d 542, 543 [2005]; *Small v New York City Tr. Auth.*, 14 AD3d 690 [2005]; *Perry v City of New York*, 238 AD2d 326 [1997]; *Adams v New York City Tr. Auth.*, 140 AD2d 572 [1988]). Mailing the notice of claim to the NYCTA's incorrect address did not constitute service on the NYCTA as there was no showing that the notice of claim was "actually received" by a proper party to be served (General Municipal Law § 50-e [3] [c]; *see Paladino v Commack Union Free School Dist.*, 307 AD2d 284, 285 [2003]). The plaintiff's service of the notice of claim after the statutory period without leave of court was a nullity (*see Small v New York City Tr. Auth., supra; Santiago v City of New York*, 294 AD2d 483 [2002]; *Carr v City of New York*, 176 AD2d 779 [1991]). The plaintiff was required to move within one year and 90 days of the accrual of the claim for leave to serve a late notice of claim (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Friedman v City of New York, supra; Small v New York City Tr. Auth., supra; Santiago v City of New York, supra*). He failed to validly do so.

Accordingly, the Supreme Court properly denied the plaintiff's motion and granted the cross motion of the NYCTA and its employee, Patrick L. Aversano, for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.