■ SUSAN B. ELLMAN, Appellant, v VILLAGE OF RHINEBECK,
Respondent, et al., Defendants. [810 NYS2d 664]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 23, 2004, which denied her motion, inter alia, to deem the notice of claim served nunc pro tunc upon the Village of Rhinebeck, and dismissed the complaint insofar as asserted against the Village of Rhinebeck.

Ordered that the order is affirmed, with costs.

The plaintiff's late service of a notice of claim upon the Village of Rhinebeck was a nullity because it was made without leave of the court (*see Alston v Aversano,* 24 AD3d 399 [2005]; *Pierre v City of New York,* 22 AD3d 733 [2005]; *Santiago v City of New York,* 294 AD2d 483 [2002]). The plaintiff was required to move for leave within one year and 90 days of the accrual of the claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950, 954 [1982]; *Alston v Aversano, supra*; *Pierre v City of New York, supra*). As the plaintiff moved to deem the notice of claim timely served nunc pro tunc after the one-year and 90-day period, the Supreme Court was without authority to grant such relief (*see Friedman v City of New York,* 19 AD3d 542, 543 [2005]; *Small v New York City Tr. Auth.,* 14 AD3d 690, 691 [2005]). Under the circumstances, the Supreme Court providently exercised its discretion in, inter alia, dismissing the action insofar as asserted against the Village of Rhinebeck. H. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.