■ SANDRA BROWNE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [934 NYS2d 821]—

The plaintiff's late service of a notice of claim upon the defendant was a nullity, as it was made without leave of the court (*see Ellman v Village of Rhinebeck*, 27 AD3d 414, 415 [2006]; *Alston v Aversano*, 24 AD3d 399 [2005]; *Pierre v City of New York*, 22 AD3d 733 [2005]). Furthermore, since the plaintiff cross-moved to deem the notice of claim timely served nunc pro tunc after the one-year-and-90-day statute of limitations had expired, the Supreme Court did not have the authority to grant such relief (*see* General Municipal Law § 50-e [5]; § 50-i [1]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Argudo v New York City Health & Hosps. Corp.*, 81 AD3d 575, 576-577 [2011]; *Ellman v Village of Rhinebeck*, 27 AD3d at 415; *Friedman v City of New York*, 19 AD3d 542, 543 [2005]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]).

The plaintiff contends that the defendant was estopped from moving to dismiss the complaint based on her failure to serve a timely notice of claim. Equitable estoppel against a public corporation will lie only when the conduct of the public corporation was calculated to or negligently did mislead or discourage a

party from serving a timely notice of claim, and when that conduct was justifiably relied upon by that party (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Dier v Suffolk County Water Auth.*, 84 AD3d 861, 862 [2011]; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2010]; *Vandermast v New York City Tr. Auth.*, 71 AD3d 1127 [2010]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]). Here, the plaintiff failed to demonstrate that the defendant engaged in any misleading conduct that would support a finding of equitable estoppel (*see Dier v Suffolk County Water Auth.*, 84 AD3d at 862; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d at 1111; *Vandermast v New York City Tr. Auth.*, 71 AD3d at 1128). The letter by the defendant informing the plaintiff of a defect in the form of the notice of claim did not constitute conduct that would warrant an estoppel (*see Vandermast v New York City Tr. Auth.*, 71 AD3d at 1127, 1128; *Walter H. Poppe Gen. Contr. v Town of Ramapo*, 280 AD2d 667, 668 [2001]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.