■ RAYMOND DECOTEAU, Appellant, v CITY OF NEW YORK et al., Respondents. [947 NYS2d 343]—

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the City of New York (*see* General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; *Shahid v City of New York*, 50 AD3d 770 [2008]; *Laroc v City of New York*, 46 AD3d 760 [2007]). The plaintiff's service of a late notice of claim upon the City was a nullity, as it was made without leave of the court (*see Browne v New York City Tr. Auth.*, 90 AD3d 965 [2011]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]). The plaintiff was required to move for leave within one year and 90 days of the accrual of the claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Shahid v City of New York*, 50 AD3d 770 [2008]; *Laroc v City of New York*, 46 AD3d 760 [2007]; *Ellman v Village of Rhinebeck*, 27 AD3d 414, 415 [2006]). The plaintiff's request, made in opposition to the defendant's motion to dismiss the complaint, to deem the late notice of claim timely served nunc pro tunc was made after the one-year and 90-day statute of limitations had expired, and thus the Supreme Court was without authority to grant such relief (*see Ellman v Village of Rhinebeck*, 27 AD3d at 415; *Friedman v City of New York*, 19 AD3d 542 [2005]; *Johnson v Town of Hempstead*, 18 AD3d 712 [2005]). Accordingly, the defendants' motion to dismiss the complaint was properly granted. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.