■ CYNTHIA ROBINSON, Respondent, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF NEW YORK, Appellant. [962 NYS2d 279]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Asarch, J.), dated February 7, 2012, as denied that branch of its motion which was to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5) and granted the plaintiff's cross motion to deem the notice of claim timely served nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint for failure to serve a timely notice of claim is granted, and the plaintiff's cross motion to deem the notice of claim timely served nunc pro tunc is denied.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the Board of Education of the City School District of the City of New York (hereinafter the Board) (*see* Education Law § 3813 [2]; General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; *Bazile v City of New York*, 94 AD3d 929 [2012]; *Matter of Allende v City of New York*, 69 AD3d 931 [2010]). The plaintiff's service of a late notice of claim upon the Board was a nullity, as it was made without leave of the court (*see Browne v New York City Tr. Auth.*, 90 AD3d 965 [2011]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]). The plaintiff was required to petition or move for leave within one year and 90 days after the accrual of the claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *Shahid v City of New York*, 50 AD3d 770 [2008]; *Laroc v City of New York*, 46 AD3d 760 [2007]; *Ellman v Village of Rhinebeck*, 27 AD3d 414, 415 [2006]). The plaintiff's cross motion to deem the late notice of claim timely served nunc pro tunc was made after the one-year-and-90-day statute of limitations had expired and, thus, the Supreme Court was without authority to grant such relief (*see Pierson v City of New York*, 56 NY2d at 954; *Ellman v Village of Rhinebeck*, 27 AD3d at 415; *Friedman v City of New York*, 19 AD3d 542 [2005]; *Johnson v Town of Hempstead*, 18 AD3d 712 [2005]).

Contrary to the plaintiff's contention, the Board did not waive the notice of claim requirement, a statutory condition precedent, by failing to plead it as an affirmative defense in its answer (*see Campbell v City of New York*, 4 NY3d 200, 204 n 2 [2005]; *Flanagan v Board of Educ., Commack Union Free School Dist.*, 47 NY2d 613, 617 [1979]; *Kim L. v Port Jervis City School Dist.*, 61 AD3d 825, 827 [2009]).

Accordingly, that branch of the Board's motion which was to dismiss the complaint should have been granted, and the plaintiff's cross motion to deem the notice of claim timely served nunc pro tunc should have been denied. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30429(U).]**