■ In the Matter of HRISOULA KATSIOURAS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [965 NYS2d 533]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 12, 2011, which denied the petition and dismissed the proceeding. Justice Dillon has been substituted for former Justice Florio (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

On November 12, 2009, Hrisoula Katsiouras (hereinafter the injured petitioner) allegedly was injured when she tripped and fell on a sidewalk in Astoria, Queens. In early January 2010, the injured petitioner and her husband, Alexandros Katsiouras (hereinafter together the petitioners), retained attorneys and, on March 2, 2010, a notice of claim was served upon the respondents. In a letter to the petitioners dated April 6, 2010, the New York City Office of the Comptroller disallowed the claim based upon the fact that the notice of claim was not served within 90 days after the date of the occurrence, as required by General Municipal Law § 50-e. Ten months later, on February 9, 2011, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. The petitioners appeal from the Supreme Court's denial of the petition.

"Under General Municipal Law § 50-e (5), a court considering a petition for leave to serve a late notice of claim upon a public corporation must consider various factors, of which the 'most important, based on its placement in the statute and its relation to other relevant factors' (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]), is whether the public corporation acquired actual [knowledge] of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter" (*Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1031 [2011]). The other factors include, but are not limited to, whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense (*see* General Municipal Law § 50-e [5]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2009]). The decision to grant or deny a petition for leave to serve a late notice of claim rests in the sound discretion of the trial court, upon consideration of all relevant factors (*see Matter of Gentile v Westchester Med. Ctr.*, 87 AD3d 1065 [2011]; *Matter of Zaid v City of New York*, 87 AD3d 661, 662 [2011]).

Here, the Supreme Court providently exercised its discretion

in denying the petition for leave to serve a late notice of claim. Contrary to the petitioners' contention, the disallowed notice of claim did not itself provide the respondents with actual knowledge of the essential facts constituting the claim within the 90-day statutory period or within a reasonable time thereafter. The service of the notice of claim on March 2, 2010, 20 days beyond the 90-day statutory period, was a nullity, as it was made without leave of court (*see Decoteau v City of New York*, 97 AD3d 527 [2012]; *Browne v New York City Tr. Auth.*, 90 AD3d 965 [2011]; *Nappi v County of Suffolk*, 79 AD3d 990, 991 [2010]; *Laroc v City of New York*, 46 AD3d 760, 761 [2007]; *Matter of White v New York City Hous. Auth.*, 38 AD3d 675 [2007]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]; *Mack v City of New York*, 265 AD2d 308, 309 [1999]). Furthermore, the petitioners failed to proffer any other evidence that was sufficient to provide the respondents with actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim, or within a reasonable time thereafter (*cf. Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d 820 [2009]). As to the other relevant factors, while the petitioners may have set forth a reasonable excuse for their initial delay in serving the notice of claim, they failed to proffer any excuse as to why 10 months elapsed between the time the respondents disallowed the claim in April 2009 and the commencement of this proceeding in February 2011 (*see Tegay v Rocky Point Sch. Dist.*, 101 AD3d 985, 986 [2012]; *Matter of Godwin v Town of Huntington*, 56 AD3d 671, 672 [2008]). The petitioners also failed to establish that the respondents will not be prejudiced by the more-than-one-year delay between the time of the occurrence and the time of the commencement of this proceeding (*see Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d at 1032).

The petitioners' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.