In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order the Supreme Court, Queens County (Flug, J.), dated August 16, 2012, as granted that branch of the defendants’ motion which was for summary judgment dismissing the state law causes of action on the ground that the plaintiff did not serve a timely notice of claim under General Municipal Law § 50-e (1).
Ordered that the order is affirmed insofar as appealed from, with costs.
Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against a municipality (see General Municipal Law § 50-e [1] [a]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902 [2013]; Tully v City of Glen Cove, 102 AD3d 670 [2013]; Decoteau v City of New York, 97 AD3d 527 [2012]; Matter of Groves v New York City Tr. Auth., 44 AD3d 856 [2007]). The purpose of the requirement that notice of a tort claim be given to a municipality or public authority within 90 days after the claim arises is to protect the municipality or authority from stale tort claims and to provide it with an opportunity to timely and effectively investigate the claim (see Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881 [2013]; Palmer v Society for Seamen’s Children, 88 AD3d 970 [2011]; Casias v City of New York, 39 AD3d 681 [2007]; Matter of Andrew T.B. v Brewster Cent. School Dist., 18 AD3d 745 [2005]).
Here, the plaintiffs cause of action accrued on September 8, 2004, when he allegedly was assaulted by another inmate at Rikers Island. Thus, he had until December 7, 2004, to serve a notice of claim. The plaintiff did not serve his notice of claim until December 10, 2004, three days after the expiration of the statutory period. Moreover, he never sought leave to serve a late notice of claim, or to deem his notice of claim timely filed nunc pro tunc, within the one-year-and-90-day statute of limitations period.
Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment *844 dismissing the state law causes of action (see Robinson v Board of Educ. of City Sch. Dist. of City of N.Y., 104 AD3d 666 [2013]; McShane v Town of Hempstead, 66 AD3d 652 [2009]). Mastro, J.E, Hall, Austin and Sgroi, JJ., concur.