■ KATHLEEN E. CASSIDY, Respondent, v RIVERHEAD CENTRAL SCHOOL DISTRICT et al., Appellant. [11 NYS3d 102]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), entered October 24, 2014, as denied that branch of their cross motion which was to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5), granted the plaintiff's cross motion for leave to serve a late notice of claim, and deemed the late notice of claim timely served nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' cross motion which was to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5) is granted, and the plaintiff's cross motion for leave to serve a late notice of claim is denied.

On September 20, 2012, the plaintiff allegedly sustained personal injuries in a three-car collision which involved a school bus owned by the defendant Riverhead Central School District (hereinafter the school district) and operated by an employee of the school district, the defendant Sean C. Terry. The plaintiff served a notice of claim dated February 4, 2013, on the school district. The plaintiff thereafter commenced the instant action by filing a summons and complaint on May 30, 2013, asserting a single cause of action sounding in negligence. The defendants answered and interposed an affirmative defense that the

plaintiff failed to comply with General Municipal Law § 50-i and Education Law § 3813.

On March 18, 2014, after the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The defendants cross-moved, inter alia, to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e. On August 15, 2014, the plaintiff cross-moved for leave to serve a late notice of claim. The Supreme Court, inter alia, granted the plaintiff's cross motion for leave to serve a late notice of claim and deemed the notice of claim dated February 4, 2013, timely served nunc pro tunc. The Supreme Court also denied that branch of the defendants' cross motion which was to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5).

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against a public corporation or any employee thereof (see Education Law § 3813 [2]; General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; Matter of Manuel v Riverhead Cent. Sch. Dist., 116 AD3d 1048 [2014]; Matter of Walker v Riverhead Cent. Sch. Dist., 107 AD3d 727 [2013]; Bazile v City of New York, 94 AD3d 929 [2012]; Matter of Allende v City of New York, 69 AD3d 931 [2010]). A school district is a public corporation (see Matter of East Meadow Union Free School Dist. v New York State Div. of Human Rights, 65 AD3d 1342 [2009]).

Here, the plaintiff's claim accrued on September 20, 2012, the day of the accident. Accordingly, the plaintiff was required to serve the notice of claim within 90 days thereof, i.e., by December 19, 2012. It is undisputed that the plaintiff served the notice of claim no earlier than February 4, 2013, approximately seven weeks after the deadline (see General Municipal Law § 50-e [3] [b]). Thus, the plaintiff's notice of claim was a nullity, since it was served late, without leave of the Supreme Court (see Matter of Katsiouras v City of New York, 106 AD3d 916 [2013]; Robinson v Board of Educ. of City Sch. Dist. of City of N.Y., 104 AD3d 666 [2013]; Decoteau v City of New York, 97 AD3d 527 [2012]).

Subject to certain tolling provisions not applicable here, a plaintiff is required to move for leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim (see General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d 950, 954 [1982]; Stiff v City of New York, 114 AD3d 843 [2014]). Where a plaintiff moves for such relief, or to deem a late notice of claim timely served nunc pro tunc,

after the one-year-and-90-day period has expired, the Supreme Court is without authority to grant such relief (*see Pierson v City of New York*, 56 NY2d at 954-956; *Robinson v Board of Educ. of City Sch. Dist. of City of N.Y.*, 104 AD3d at 666; *Decoteau v City of New York*, 97 AD3d at 527). Here, the one-year-and-90-day period expired on December 19, 2013. The plaintiff did not move for leave to serve a late notice of claim until she made her cross motion on August 15, 2014, approximately eight months after the statute of limitations had run.

Accordingly, that branch of the defendants' cross motion which was to dismiss the complaint should have been granted, and the plaintiff's cross motion for leave to serve a late notice of claim should have been denied, as the Supreme Court lacked the authority to grant the plaintiff's cross motion (*see* General Municipal Law § 50-e [5]; *Matter of Fox v New York City Dept. of Educ.*, 124 AD3d 887 [2015]; *Feliciano v New York City Hous. Auth.*, 123 AD3d 876 [2014]; *Robinson v Board of Educ. of City Sch. Dist. of City of N.Y.*, 104 AD3d 666 [2013]; *Decoteau v City of New York*, 97 AD3d at 527). Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.