■ LINGFEI SUN, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [16 NYS3d 319]—

In a consolidated action, inter alia, to recover damages for false arrest, false imprisonment, and medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated July 2, 2013, which granted the motion of the defendants City of New York, New York City Police Department, Police Officer "John Doe" with Shield Number 26912, Police Officer "John Doe" with Shield Number 22027, Police Sgt. Cunningham, and Police Officer No. 12211 to dismiss the consolidated action insofar as asserted against them for failure to comply with General Municipal Law § 50-e and pursuant to CPLR 3215 (c).

Ordered that the order is affirmed, without costs or disbursements.

After allegedly being arrested and involuntarily hospitalized on four separate occasions between August 2003 and September 2005, the plaintiff commenced two separate actions alleging, inter alia, false arrest, false imprisonment, and medical malpractice. The actions were consolidated. Thereafter, the defendants City of New York, New York City Police Department, Police Officer "John Doe" with Shield Number 26912, Police Officer "John Doe" with Shield Number 22027, Police Sgt. Cunningham, and Police Officer No. 12211 (hereinafter collectively

the City defendants) moved to dismiss the consolidated action insofar as asserted against them for failure to comply with General Municipal Law § 50-e and pursuant to CPLR 3215 (c). The Supreme Court granted the motion.

The Supreme Court properly directed the dismissal of the plaintiff's causes of action, insofar as asserted against the City defendants, relating to an alleged incident on August 2, 2003. Factual allegations concerning that incident were set forth in the complaint in the first action, commenced under Queens County Index No. 5240/06 (hereinafter the First Action). Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the City (*see* General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; *Decoteau v City of New York*, 97 AD3d 527, 527 [2012]; *Shahid v City of New York*, 50 AD3d 770, 770 [2008]; *Casias v City of New York*, 39 AD3d 681, 682 [2007]). With respect to the alleged incident on August 2, 2003, the plaintiff failed to serve a timely notice of claim. Where, as here, a claimant fails to apply for leave to serve a late notice of claim or to deem the notice of claim served nunc pro tunc within one year and 90 days following the date that the claims accrued, the court is without authority to grant such relief (*see Decoteau v City of New York*, 97 AD3d at 527; *Shahid v City of New York*, 50 AD3d at 770).

The Supreme Court also properly directed the dismissal of the remaining causes of action in the First Action, insofar as asserted against the City defendants, pursuant to CPLR 3215 (c), since the plaintiff failed to move for the entry of a judgment within one year of the City defendants' default in answering. The plaintiff failed to offer a sufficient excuse for the delay (*see* CPLR 3215 [c]; *GMAC v Minewiser*, 115 AD3d 707, 708 [2014]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459, 460 [2008]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]; *see also Matter of Duarte v Suffolk County*, 230 AD2d 851, 852 [1996]).

Finally, the Supreme Court properly directed the dismissal of the causes of action insofar as asserted against the City defendants in the second action, which was commenced under Queens County Index No. 19895/06 (hereinafter the Second Action). The notice of claim relating to the incident alleged in the complaint in the Second Action does not name any of the City defendants and fails to set forth any alleged tortious conduct on the part of the City defendants (*see* General Municipal Law § 50-e [2]; *Vargas v City of New York*, 105 AD3d 834, 836 [2013], *lv granted* 22 NY3d 858 [2013]; *Shahid v City of New York*, 50 AD3d at 770; *see also Matter of Duarte v Suffolk County*, 230 AD2d at 852).

Accordingly, the Supreme Court properly directed the dismissal of the consolidated action insofar as asserted against the City defendants. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.