OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
On the evening of December 27, 2011, plaintiff’s car, while parked in the driveway or yard directly in front of plaintiff’s mother’s house, was damaged by a branch or branches which fell from a tree, the trunk of which stood behind a fence in the yard of the adjoining premises. In January 2012, plaintiff com *117 menced this small claims action against defendant Sharmila Ramdhanny, who owned the adjoining premises, seeking to recover the principal sum of $1,816.18 for damage caused by the falling branch. Upon subsequently learning that the City of New York claimed ownership of the tree, plaintiff, on December 4, 2012, filed a notice of claim against the City. On December 6, 2012, the City was added as a defendant to the action. On December 19, 2012, the City disallowed the claim as untimely. Following discovery, plaintiff moved for summary judgment, and defendants moved separately for summary judgment dismissing so much of the action as is against each of them. Plaintiff’s motion was denied, and defendants’ motions were granted.
Since plaintiff’s claim against the City was founded upon tort, as a condition precedent to her action against the City, plaintiff was obligated to file a notice of claim within 90 days after the claim arose (see General Municipal Law § 50-e [1] [a]; Stiff v City of New York, 114 AD3d 843 [2014]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902 [2013]; see also Brownstein v County of Westchester, Dept, of Parks, Recreation & Conservation, 51 AD2d 792 [1976]; Costa v Town of Babylon, 6 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; Poulmentis v Town of Southampton, 1 Misc 3d 128[A], 2003 NY Slip Op 51556 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). Plaintiff failed to file a timely notice of claim. While the court, upon application, could have extended plaintiff’s time to serve a notice of claim to one year and 90 days after the date of the occurrence (see General Municipal Law §§ 50-e [5]; 50-i), plaintiff failed to apply for such an extension, even though she had been made aware of the untimeliness of her notice of claim within the one-year-and-90-day period. Plaintiff’s late notice of claim, which was served without leave of court, was a nullity (see Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997 [2015]; Matter of Katsiouras v City of New York, 106 AD3d 916, 918 [2013]; Decoteau v City of New York, 97 AD3d 527 [2012]). As plaintiff failed to fulfill the condition precedent to suing the City, we conclude that the Civil Court’s denial of plaintiff’s motion for summary judgment as against the City, and its award of summary judgment dismissing so much of the action as is against the City, rendered substantial justice between plaintiff and the City (see CCA 1804, 1807).
The City claimed ownership of the tree, and there was evidence that the Commissioner of the New York City Depart *118 ment of Parks and Recreation had assumed full control of the tree (see Administrative Code of City of NY § 18-105), thus suggesting that defendant Ramdhanny had been relieved of duties with respect to the tree. However, we need not decide who, or what entity, owned or controlled the tree, since, in any event, plaintiff failed to make a prima facie showing of her entitlement to judgment as a matter of law as against defendant Ramdhanny. In contrast, Ramdhanny did make a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint as against her (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In her affidavit in support of her motion for summary judgment and in opposition to plaintiffs motion, Ramdhanny stated that, prior to the incident in issue, she had never noticed any decay, hanging branches, loose limbs or discoloration on the tree. This statement was adequate to meet her prima facie burden of showing that there had been no readily observable manifestation of decay, and that Ramdhanny could not be charged with either actual or constructive notice of the allegedly defective condition of the tree (see Pulgarin v Demonteverde, 63 AD3d 1026 [2009]; Lahowin v Ganley, 265 AD2d 530 [1999]). In opposition to Ramdhanny’s motion and in support of her own motion for summary judgment, plaintiff failed to come forward with any objective evidence—such as dated photographs of the tree, taken prior to the accident and depicting readily observable disease, or the report of an expert (see Skalafuris v Arpadi, 43 Misc 3d 128[A], 2014 NY Slip Op 50484[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014])—showing that Ramdhanny had had actual or constructive notice of the tree’s dangerous condition (see Sleezer v Zap, 90 AD3d 1121 [2011]; Pulgarin v Demonteverde, 63 AD3d 1026 [2009]). Although plaintiff presented evidence that her mother had previously complained to defendant Ramdhanny about damage that the tree’s roots had caused to her sewer pipes, plaintiff failed to demonstrate that this damage had any bearing on the health of the tree. Moreover, assuming that the tree was not under the exclusive control of the City, we note that plaintiff’s mother had a right to prune the branches that overhung her property (see Kuney v Christian, 42 Misc 3d 136[A], 2014 NY Slip Op 50120[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; Hileman-Rizzo v Krysty, 10 Misc 3d 135[A], 2005 NY Slip Op 52118 [U] [App Term, 2d Dept, 9th & 10th Jud Dists *119 2005]; see also 1 NY Jur 2d, Adjoining Landowners § 65). Plaintiff also failed to establish that the tree constituted a nuisance (see Turner v Coppola, 102 Misc 2d 1043, 1045 [Sup Ct, Nassau County 1980], affd 78 AD2d 781 [1980]).
We therefore conclude that the Civil Court’s award of summary judgment dismissing so much of the action as was against Ramdhanny rendered substantial justice between plaintiff and Ramdhanny (see CCA 1804, 1807).
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.