■ LUDMILA CHTCHANNIKOVA, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [30 NYS3d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Baynes, J.), dated June 27, 2014, which denied her motion for leave to amend the notice of claim and to deem it timely served nunc pro tunc, and (2), as limited by her brief, from so much of an order of the same court, also dated June 27, 2014, as granted that branch of the defendant City of New York's cross motion which was to dismiss the amended

complaint insofar as asserted against it for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the first order dated June 27, 2014, is affirmed; and it is further,

Ordered that the second order dated June 27, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against the City of New York (see General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; Sun v City of New York, 131 AD3d 1015, 1016 [2015]; Decoteau v City of New York, 97 AD3d 527, 527 [2012]; Shahid v City of New York, 50 AD3d 770, 770 [2008]). Here, the plaintiff's notice of claim, served on the City on or about January 11, 2011, contained an accident date of October 14, 2010. The plaintiff's counsel later learned from the plaintiff's medical records that the correct date of the accident was, in fact, October 12, 2010. Given the accident date of October 12, 2010, the plaintiff's service of the notice of claim was untimely by one day. A late notice of claim served without leave of court is a nullity (see Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997 [2015]; Matter of Katsiouras v City of New York, 106 AD3d 916 [2013]; Robinson v Board of Educ. of City Sch. Dist. of City of N.Y., 104 AD3d 666, 666 [2013]; Decoteau v City of New York, 97 AD3d at 527).

Where a claimant "fails to apply for leave to serve a late notice of claim or to deem the notice of claim served nunc pro tunc within one year and 90 days following the date that the claims accrued, the court is without authority to grant such relief" (Sun v City of New York, 131 AD3d at 1016; see Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d at 997-998; Robinson v Board of Educ. of City Sch. Dist. of City of N.Y., 104 AD3d at 666; Decoteau v City of New York, 97 AD3d at 527). Here, the Supreme Court lacked the authority to deem an amended notice of claim timely served nunc pro tunc, as the one-year-and-90-day statute of limitations period had expired (see Bobko v City of New York, 100 AD3d 439, 440 [2012]; Santiago v City of New York, 294 AD2d 483, 483 [2002]; Carr v City of New York, 176 AD2d 779, 780 [1991]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to amend the notice of claim and to deem it timely served nunc pro tunc, and properly granted that branch of the City's cross motion which was to dismiss the amended complaint insofar as asserted against it. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.