Frederick v City of New York (2018 NY Slip Op 05285)





Frederick v City of New York


2018 NY Slip Op 05285


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-00881
 (Index No. 2798/15)

[*1]Denworth Frederick, appellant, 
v
City of New York, respondent, et al., defendant.


Warren S. Hecht, Forest Hills, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Lauren Roza of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 16, 2016. The order, insofar as appealed from, granted the motion of the defendant City of New York, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2007, the plaintiff commenced an action against the defendants City of New York and DeFazio & Sons Construction (hereinafter DeFazio), a contractor that performed work pursuant to a contract with the City. The plaintiff alleged that road construction work performed by DeFazio in April 2006 caused cracks and damage to his house. That action concluded with a settlement in which the plaintiff executed, as to both defendants, a stipulation of discontinuance with prejudice. The plaintiff commenced a second action in 2010 against the same defendants, seeking similar relief based upon the same alleged acts of negligence. The complaint in that action was dismissed upon motions by both defendants.
In 2015, the plaintiff commenced this action to recover for the alleged worsening of the damage to his house. The City moved to dismiss the complaint insofar as asserted against it on the grounds that the plaintiff failed to timely file a notice of claim and failed to timely commence the action, and that the action was barred under the doctrine of res judicata. The Supreme Court, in [*2]the order appealed from, inter alia, granted the City's motion. The plaintiff appeals, and we affirm the order insofar as appealed from.
Service of a notice of claim within 90 days after the accrual of the claim is a condition precedent to the commencement of a tort action against the City, and a late notice of claim served without leave of court is a nullity (see Chtchannikova v City of New York, 138 AD3d 908, 909; Sun v City of New York, 131 AD3d 1015, 1016; Decoteau v City of New York, 97 AD3d 527). Moreover, such an action must be commenced within 1 year and 90 days after the happening of the event upon which the claim is based (see General Municipal Law § 50-i[1][c]; Klein v City of Yonkers, 53 NY2d 1011, 1012-1013; Demasi v Dutchess County Dept. of Pub. Works, 101 AD3d 668; Doyle v 800, Inc., 72 AD2d 761).
The allegations of the complaint, and the plaintiff's testimony at his General Municipal Law § 50-h hearing, established that the plaintiff's claims were premised upon the alleged negligent construction work performed by DeFazio in 2006, and possibly upon some repaving work performed by the City in 2010. However, the plaintiff did not serve a notice of claim regarding these events until on or about March 2, 2015, and did not commence this action until March 4, 2015. Thus, both the plaintiff's service of the notice of claim and commencement of the action were untimely. Moreover, to the extent that the plaintiff currently contends that he alleged a claim against the City based on a continuing wrong, and that his claim therefore is not barred by the time limits for service of a notice of claim and for commencement of an action, the argument is without merit, as the record fails to support the contention that the plaintiff asserted any claim premised on a continuing wrong.
In view of the above, we do not reach the City's remaining contention.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court