Clarke-St. John v City of New York (2018 NY Slip Op 05819)





Clarke-St. John v City of New York


2018 NY Slip Op 05819


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-09285
 (Index No. 1531/15)

[*1]Palmore P. Clarke-St. John, et al., appellants, 
v
City of New York, et al., respondents.


Appell & Parrinelli, New York, NY (John J. Appell of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Diana Lawless of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated August 4, 2016. The order, insofar as appealed from, upon reargument, vacated the determination in an order of the same court dated October 2, 2015, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud insofar as asserted against the defendants Department of Education of City of New York, Valena Welsh-Woodley, and Wanda Ruff, and thereupon granted that branch of the motion.
ORDERED that the order dated August 4, 2016, is affirmed insofar as appealed from, with costs.
The plaintiff Palmore P. Clarke-St. John, a former tenured teacher employed by the defendant Department of Education of City of New York (hereinafter DOE), and her husband suing derivatively, commenced this action alleging that DOE and two of its employees, the defendants Valena Welch-Woodley and Wanda Ruff (hereinafter collectively the DOE defendants), committed fraud by coercing false testimony from a student who attended the school where Clarke-St. John had taught, during a compulsory arbitration hearing that led to the termination of Clarke-St. John's employment. Clarke-St. John challenged the arbitration determination in a CPLR article 75 proceeding in the Supreme Court, New York County, by petition dated July 25, 2013, on grounds of fraud and misconduct. By order dated September 18, 2014, the court granted the petition, vacated the arbitration award, and remitted the matter back to arbitration for a hearing before a different hearing officer. However, in an order dated November 15, 2016, the Appellate Division, First Department, reversed, reinstated the arbitration award, and remitted the matter to the Supreme Court to provide the DOE defendants with the opportunity to serve and file an answer pursuant to CPLR 404(a), in which it may address allegations that, inter alia, "the arbitration award was procured through fraud or misconduct" (Matter of Clarke v New York City Dept. of Educ., 144 AD3d 500).
In February 2015, the plaintiffs commenced this action in the Supreme Court, Kings County, alleging, inter alia, fraud. The defendants moved, among other things, pursuant to CPLR 3211(a)(5) and (7) to dismiss the causes of action sounding in fraud insofar as asserted against them. The court initially denied the motion in an order dated October 2, 2015. However, upon reargument, [*2]in an order dated August 4, 2016, the court granted that branch of the motion which was to dismiss the causes of action sounding in fraud insofar as asserted against the DOE defendants for failure to serve a timely notice of claim and as time-barred under the applicable statute of limitations. The plaintiffs appeal from the order dated August 4, 2016.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the causes of action sounding in fraud insofar as asserted against the DOE defendants for failure to serve a timely notice of claim. The timely filing of a notice of claim upon the DOE defendants within 90 days of the accrual date of the causes of action was a prerequisite condition to commencing this plenary action against them (see Education Law § 3813[2]; General Municipal Law § 50-e; Chtchannikova v City of New York, 138 AD3d 908; Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ., 131 AD3d 1063; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996; Matter of Fox v New York City Dept. of Educ., 124 AD3d 887). A cause of action based upon fraud accrues at the time the plaintiff "possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence" (Town of Poughkeepsie v Espie, 41 AD3d 701, 705; see Coleman v Wells Fargo & Co., 125 AD3d 716, 716). Here, the plaintiffs, at the very latest, possessed knowledge of the facts underlying their allegations of fraud as of July 25, 2013, the date of their CPLR article 75 petition in which they set forth that the subject child witness recanted her arbitration hearing testimony through an affidavit provided to them. Thus, the plaintiffs had 90 days from July 25, 2013, to comply with the notice of claim requirement. However, the notice of claim was not served until November 18, 2014, more than 90 days after the accrual date, and the plaintiffs failed to seek leave to serve a late notice of claim or to deem the notice of claim served nunc pro tunc within one year and 90 days following the date that the claims accrued. Contrary to the plaintiffs' contention, the time to serve the notice of claim was not tolled until the Supreme Court, New York County, granted their CPLR article 75 petition to set aside the arbitration award (see generally Cohen v Pearl River Union Free School Dist., 51 NY2d 256, 264). Under these circumstances, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the causes of action sounding in fraud insofar as asserted against the DOE defendants (see Chtchannikova v City of New York, 138 AD3d 908). We need not address the issue of whether the causes of action sounding in fraud were time-barred by the applicable statute of limitations.
In any event, dismissal of the causes of action sounding in fraud was also warranted on the ground that this plenary action amounts to an impermissible collateral attack against the subject arbitration award (see Rutter v Julien J. Studley, Inc., 244 AD2d 239; Home Ins. Co. v Country-Wide Ins. Co., 134 AD2d 570, 571; Monterey Sportswear Corp. v Charma Mills, 43 AD2d 523; Matter of Biller, 37 AD2d 954; Abrams v Macy Park Constr. Co. Inc., 282 App Div 922; see also Pena v Office of the Commr. of Baseball, 125 AD3d 461). Further, accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 88; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 793), the complaint fails to state a cause of action sounding in fraud, as the plaintiffs do not allege that the DOE defendants made any false representation of fact to them upon which they relied to their detriment (see Swartz v Swartz, 145 AD3d 818; MacBeth v New York Racing Assn., 141 AD2d 805, 806; Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d 890, 892; Mariano v Fiorvante, 118 AD3d 961).
Accordingly, we agree with the Supreme Court's determination, upon reargument, to grant that branch of the defendants' motion which was to dismiss the causes of action sounding in fraud insofar as asserted against the DOE defendants.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court