Matter of Ashkenazie v City of New York (2018 NY Slip Op 06734)





Matter of Ashkenazie v City of New York


2018 NY Slip Op 06734


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-09965
 (Index No. 502757/17)

[*1]In the Matter of Yolanda Ashkenazie, appellant,
v
City of New York, et al., respondents.


Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 4, 2017. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured when she fell on a sidewalk defect in Brooklyn. She subsequently served a notice of claim on the respondents beyond the 90-day statutory period (see General Municipal Law § 50-e[1][a]), and the respondents rejected the notice of claim and disallowed her claim based on the untimely service. More than nine months after the rejection, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The Supreme Court denied the petition, and the petitioner appeals.
Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity (see Matter of Ruiz v City of New York, 154 AD3d 945, 946; Matter of Zaid v City of New York, 87 AD3d 661, 662). Pursuant to General Municipal Law § 50-e(5), in determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action (see Matter of D'Agostino v City of New York, 146 AD3d 880; Ramirez v City of New York, 139 AD3d 695). Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Matter of Corwin v City of New York, 141 AD3d 484, 489; Matter of Lawhorne v City of New York, 133 AD3d 856). An application for leave to serve a late notice of claim is addressed to the sound discretion of the trial court (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of Ruiz v City of New York, 154 AD3d at 946; Matter of Bitetto v City of Yonkers, 13 AD3d 367, 368).
Contrary to the petitioner's contention, she failed to demonstrate that her injuries and medical care constituted a reasonable excuse for her failure to timely serve a notice of claim. Rather, the medical evidence she submitted in support of her petition demonstrated that she had substantially healed and no longer required any pain medication long before the expiration of the statutory 90-day period for timely filing her notice of claim. Thus, she failed to medically substantiate that her injury and treatment prevented her from making timely service, or that she did not learn of the full extent of her injuries until after the statutory period had expired (see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Klass v City of New York, 103 AD3d 800, 801; Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1106). Furthermore, the petitioner failed to establish any reasonable excuse for her additional nine-month delay in seeking leave to serve a late notice of claim after her original notice of claim was rejected as untimely (see Kelly v City of New York, 153 AD3d 1388; Matter of Sanchez v City of New York, 116 AD3d 703, 703-704).
Similarly, we agree with the Supreme Court's determination that the respondents did not acquire actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter by reason of the late notice of claim which the respondents rejected as untimely. "A late notice of claim served without leave of court is a nullity" (Chtchannikova v City of New York, 138 AD3d 908, 909; see Mosheyev v New York City Dept. of Educ., 144 AD3d 645, 646; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997). Under the circumstances presented, where the respondents rejected the notice of claim and disallowed the claim based on the untimely service, the petitioner's late notice of claim did not provide the respondents with actual knowledge (see Matter of Katsiouras v City of New York, 106 AD3d 916, 918; Mack v City of New York, 265 AD2d 308, 309; cf. Matter of Cruz v City of New York, 149 AD3d 835, 836; Brunson v New York City Health & Hosps. Corp., 144 AD3d 854, 855-856).
Additionally, given the transitory nature of the defect upon which the petitioner allegedly fell (see Ramirez v City of New York, 139 AD3d at 696; Matter of Lawhorne v City of New York, 133 AD3d at 857; Matter of Papayannakos v Levittown Mem. Special Educ. Ctr., 38 AD3d 902, 903; Matter of Turner v Town of Oyster Bay, 268 AD2d 526, 527), she failed to sustain her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) that granting the petition would not substantially prejudice the respondents in maintaining their defense on the merits (see e.g. Kelly v City of New York, 153 AD3d 1388; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d at 850; Matter of D'Agostino v City of New York, 146 AD3d at 882).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court